## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **TATAYANA MOORE,** | : | |
| | : | |
| *and* | : | **CASE NO:** 1:18-cv-1849 |
| | : | |
| **DANIEL PERSTIN,** | : | |
| | : | **JUDGE:** |
| *and* | : | |
| | : | |
| **NICOLE RUSSELL,** | : | |
| | : | |
| *and* | : | |
| | : | |
| **JORDAN MARKEY,** | : | |
| | : | |
| *and* | : | **VERIFIED COMPLAINT** |
| | : | |
| **ANTHONY BURDETTE,** | : | **(Jury Trial Demanded)** |
| | : | |
| *and* | : | |
| | : | |
| **THOMAS MCGERVEY,** | : | |
| | : | |
| *and* | : | |
| | : | |
| **JAMES JOHNSON,** | : | |
| | : | |
| *and* | : | |
| | : | |
| **JONATHON BELLOMY,** | : | |
| | : | |
| *and* | : | |
| | : | |
| **ERICA JOHNSON,** | : | |
| | : | |
| **PLAINTIFFS,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF CLEVELAND,** | : | |
| | : | |
| **DEFENDANT.** | : | |

Now come Plaintiffs Tatayana Moore, Daniel Perstin, Nicole Russell, Jordan Markey, Anthony Burdette, Thomas McGervey, James Johnson, Jonathon Bellomy, and Erica Johnson, by and through undersigned counsel, and for their Verified Complaint against Defendant City of Cleveland state as follows:

## INTRODUCTION

1. Contrary to everything the Cleveland Police Academy should stand for, these Plaintiff-recruits have been wrongly held to a standard of **"guilty until proven innocent."**

2. Plaintiffs are Cleveland Police recruits who are committed to careers of public and community service in a dangerous and often-underappreciated industry. Since February 5, 2018, Plaintiffs have spent many hours of hard work and subjected themselves to the physical and mental challenge of the Cleveland Police Academy with the goal of graduating to serve their community as Cleveland Police Officers. Despite their hard work and the selfless nature of their pursuits, Plaintiffs have been publicly and wrongfully accused of cheating on their studies in the academy. While being denied any opportunity to clear their names or contest the vague allegations levied against them, the Defendant has made clear it will deny Plaintiffs the opportunity to sit for the August 16, 2018 Ohio Peace Officer's Training Academy test and will terminate their employment. Because Plaintiffs will be immediately and irreparably harmed by being withheld from the test, this Court must restrain Defendant City of Cleveland from excluding Plaintiffs from the August 16, 2018 licensing test.

## PARTIES

3. Plaintiffs are individual Cleveland Police Academy recruits residing in Cuyahoga County at all times relevant.

4.  Defendant City of Cleveland (the "City") is a government entity located in Cuyahoga County.

5.  At all times relevant to this complaint, Defendant acted by and through its agents, servants, employees and representatives who were working in the course and scope of their respective agency or employment and/or in the promotion of Defendant's business, mission and/or affairs.

## JURISDICTION AND VENUE

6.  Plaintiff invokes this Court's original jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

7.  The injunctive relief sought in this matter is authorized by 28 U.S.C. §§ 2201 and 2202 and Federal Rules of Civil Procedure 57 and 65.

8.  Venue in this action is proper under 28 U.S.C. § 1391. The Defendant is a resident of the State in which this district is located and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND FACTS

## CLEVELAND POLICE ACADEMY – The Licensing Test

9.  Both Plaintiffs and Defendant were subject to rules and restrictions outlined in the "Cleveland Police Academy Recruit Rules & Regulations" and the "Rules of the Civil Service Commission City of Cleveland."

10. To work as a Cleveland Police Officer, an applicant must be accepted into and complete the Cleveland Police Academy (the "Academy") or a similarly-accredited academy, which completion includes passing the "Ohio Peace Officer's Training Academy Test." (the "Test").

11. Recruits in Plaintiffs' 2018 class at the Academy will take the Test on August 16, 2018 in Richfield, OH.

12. Plaintiffs were hired as fulltime law enforcement employees by the City on or before February 5, 2018, the day they began the Academy.

### CLEVELAND POLICE ACADEMY – <u>The Notebook Requirement</u>

13. Each recruit at the Academy is required to maintain a notebook that is subject to inspection. (the "Notebook"). The Notebook is required to contain appropriate entries of pertinent material covered during the classroom sessions of the basic course. Among the factors on which the Notebook is evaluated are: sufficiency of course content, organization, appropriateness of material, regularity of entries, neatness, accuracy and legibility.

14. Large parts of the of content in each Plaintiff's Notebook were classroom notes taken from powerpoint slides that contained "Student Performance Objectives" ("SPO") and which students were instructed to copy verbatim. For example:

| | |
|---|---|
| SPO 3: Define the term "Probable Cause." | The facts and circumstances which would lead a reasonable person to believe that a condition exists that justifies the action to be taken. |

15. Pursuant to the Cleveland Police Academy Recruit Rules and Regulations 2.05:

> Failure to [maintain a satisfactory notebook or pass the Test] shall constitute neglect of duty, unsatisfactory performance and preclude certification by the Ohio Peace Officer Training Commission and shall be a bar to receiving permanent appointment as a Peace Officer.

### CLEVELAND POLICE ACADEMY – <u>Rules and procedures on academic honesty</u>

16. Throughout the six-month Academy, Plaintiffs were repeatedly instructed to work together with other recruits, help other recruits who were struggling academically, problem solve collaboratively, and 'leave no recruit behind.'

17. Plaintiffs were told explicitly by instructors to work together on a "LEADS test."

18. Plaintiffs were verbally encouraged by their instructors to share notes.

19. The only instructions Plaintiffs were ever given with regard to cheating/plagiarism is "do not take SPOs from Quizlet or LAWriter.

20. Plaintiffs were also aware of the Cleveland Police Academy Recruit Rules and Regulations which prohibited cheating and plagiarism:

> Any form of cheating or representing another's work as your own will not be tolerated. When substantiated, information of cheating or misrepresentation by a recruit will be the subject of an investigation and recommendation that disciplinary action be taken.

> The investigating supervisor shall recommend charges on the offending recruit/recruits as cheating indicates that the individual is lacking the honesty and integrity required by this position of public trust.

21. Plaintiffs followed their instructors, supervisor(s), and commander(s), direction at all times in the performance of their academic requirements, including the preparation and maintenance of their Notebooks.

## THE "CHEATING SCANDAL"

22. In early July 2018, a recruit ("J.Y.") accessed and copied from another student's electronic notes without permission.

23. Upon being discovered, J.Y. admitted to cheating in violation of the Cleveland Police Academy Rules and Regulations.

24. Thereafter, upon information and belief, in an effort to sabotage those individuals for whom J.Y. had a personal dislike or animus, J.Y. sent an anonymous message to a supervisor at the Cleveland Police Academy implicating 33 classmates in a larger cheating scandal.

25. After receiving the "anonymous message," the Academy confiscated the Notebooks of all 33 students under the auspice of conducting a cheating/plagiarizing investigation.

26. Approximately 18 of the 33 students implicated in the "cheating scandal" were cleared of the allegations or have had their Notebooks returned and will be permitted to take the exam subject to the possibility of subsequent investigation. Some students were "cleared" almost immediately.

27. Plaintiffs are unaware of any protocol, standards, or criteria by which the Academy investigated the cheating allegations or how some students were apparently cleared.

28. Plaintiffs are members of a group of the remaining 15 recruits whose Notebooks have not been returned.

29. Plaintiffs have never received formal notice of the allegations against them and are thus unaware of the specifics of what it is they are alleged to have done wrong.

30. Upon information and belief, the allegations against Plaintiffs are based on plagiarizing: that they copied or allowed other students to copy notes from their Notebooks.

31. No allegations of cheating/plagiarism against Plaintiffs have been "substantiated," as that term is used in section 2.06 of the Cleveland Police Academy Recruit Rules and Regulations.

32. Plaintiffs are unware of what, if any, investigation that has been undertaken against them including: any evidence against them or where or from whom the information was obtained.

33. Despite the apparent allegations against them, Plaintiffs have acted at all times in conformance with the instructions they received from their instructor(s) and deny any wrongdoing or unethical conduct.

34. Upon information and belief, a disproportionate number of the recruits excluded from the Test are African-American, women, or are otherwise a member of a protected class.

**PLAINTIFFS ARE ADVISED OF THEIR IMMINENT TERMINATION**

35. On or about August 6, 2018, Plaintiffs met with Sergeant Melissa Dawson, the Officer-in-Charge of the Employee Assistance Unit who advised them explicitly that they would be excluded from the Test and their employment would thereafter be terminated and that they should prepare for a career outside the Cleveland Police Department.

36. In an August 9, 2018 Cleveland Plain Dealer news article, Cleveland Police Spokeswoman Jennifer Ciaccia is quoted for the proposition that the 15 recruits "will be held out of the Aug. 16 Ohio Peace Officer's Training Academy test." Officer Ciaccia is further quoted that "the investigation into the recruits is on-going and could take some time for internal affairs investigators to finish. No disciplinary actions have been taken against the recruits, she said, and none of have resigned."

**PLAINTIFFS' RIGHT TO DUE PROCESS REGARDING THEIR JOBS**

37. Pursuant to both Section 6.80 of the Rules of the Civil Service Commission City of Cleveland, as well as Section 131 of the Charter of the City of Cleveland, Plaintiffs were probationary employees for a period "not to exceed six months."

38. Furthermore, "[o]nly one probationary period shall be served for an employee's current classification unless the employee is transferred or appointed to another division or governmental unit." Civil Service Commission 6.80(D).

39. Excluding Plaintiffs from the Test constitutes a constructive termination of their employment. (*See* ¶ 15, *supra*: Academy Rules and Regulations 2.05: "Failure to [pass the Test] shall constitute neglect of duty, unsatisfactory performance and preclude certification by the Ohio Peace Officer Training Commission and shall be a bar to receiving permanent appointment as a Peace Officer.")

40. Excluding Plaintiffs from the Test constitutes a *de facto* disciplinary action.

41. Plaintiffs have been advised by high-ranking officials in the Cleveland Police Department that their termination is imminent.

42. Plaintiffs were beyond their six-month probationary period at the time it was announced they would be excluded from the Test.

43. Plaintiffs were beyond their six-month probationary period at the time they were told they would be terminated.

44. Pursuant to Cleveland's Civil Service Commission, once the probationary time period elapsed, Plaintiffs are only able to be discharged "for cause." Civil Service Commission 6.80(D).

45. Pursuant to Cleveland's Civil Service Commission:

> [w]hen any disciplinary action is contemplated as to an officer or employee in the classified service, the appointing authority or the secretary of a board or commission in the City service, shall give such officer or employee oral or written notice of the action contemplated and an opportunity to respond.

9.20(A).

46. Pursuant to Cleveland's Civil Service Commission:

> When, after following the procedures set forth in Rule 9.20, an appointing authority decides that the officer or employee is to be discharged…the appointing authority shall promptly notify said officer or employee in writing of such decision, setting forth the charges and the specifications therefore. The charging letter shall further inform the officer or employee that he/she must advise the Civil Service Commission if he/she desires to have a disciplinary hearing before a referee to be selected by the Commission, and that the Commission must receive such request for a hearing in writing within ten (10) working days of the date of the charging letter. At the same time such written notice is delivered to the officer or employee, a duplicate copy thereof shall be sent to the Civil Service Commission.

9.22.

49. Plaintiffs are entitled to a hearing before a referee where they may be represented by counsel and present evidence in their defense before they are subject to termination. *Id.* at 9.40.

50. No Plaintiff has received a charging letter describing any charge against them or the basis for the disciplinary action that the City has described publicly.

51. Plaintiffs have not received the notice they are entitled to pursuant to Section 9.20 or 9.22 of the Civil Service Commission nor have they been permitted their right to a hearing under Section 9.40 before the City made the decision to constructively and actually terminate them.

## EXCLUSION FROM THE TEST WILL CAUSE IMMEDIATE AND IRREPARABLE HARM TO PLAINTIFFS

52. If Plaintiffs are excluded from the exam they will have wasted the six months they committed to Academy training. During this time, they endured physical and mental abuse (including being pepper sprayed) similar to a military boot camp. Plaintiffs also endured the stress and anxiety of the competitive academy and the untold hours they spent in classrooms and studying.

54. Plaintiffs' exclusion from the Test operates as a permanent bar from a career as a peace officer. Cleveland Police Academy Recruit Rules and Regulations 2.05; *see supra* ¶ 15.

55. The present and future harm to Plaintiffs is made more injurious by the extremely arbitrary and capricious nature by which it is inflicted: if Defendant wishes to continue an investigation or even levy punishment, it may do so without limitation *after* Plaintiffs have taken the test.

56. Defendant imposed a punishment – excluding Plaintiffs from the licensing exam – when it publicly claimed an investigation is on-going and could take some time. (Cleveland Plain Dealer, August 9, 2018).

57. The consequences of Defendant's *de facto* punishment are significant, immediate, and irreparable to Plaintiffs.

58. Defendant's actions are in violation of Plaintiffs' Due Process rights under the Ohio and U.S. Constitutions.

**COUNT I - 42 U.S.C. § 1983 -- Violation of Rights to Due Process**

59. Plaintiffs repeat and incorporate all the preceding allegations of this Complaint, as if fully set forth herein.

60. Defendant has acted under color of law in violating the Plaintiffs' rights under the Fifth and Fourteenth Amendments to the United States Constitution.

61. The Fifth Amendment to the United States Constitution, made applicable to the State of Ohio by the Fourteenth Amendment, provides that no person shall "be deprived of life, liberty, or property, without due process of law." The Fourteenth Amendment to the United States Constitution provides that no state shall deprive "any person of life, liberty, or property, without due process of law."

62. Sec. 16, Article I, Ohio Constitution, guarantees that every person injured in his lands, goods, person or reputation shall have remedy by "due course of law."

63. The Due Process Clauses of the Ohio and United States Constitutions are implicated by municipal employee disciplinary decisions. City of Cleveland has a constitutional obligation to provide a fundamentally fair and reliable hearing process. Plaintiffs were entitled under the constitutions of Ohio and the United States to the opportunity to be heard

10

in a meaningful manner before being subjected to *de facto*, constructive, and actual disciplinary action.

64. The Plaintiffs' interests and the results of such a hearing are significant. Termination from the Academy and exclusion from the exam will nullify all the hard work, stress, and physical and mental extremes Plaintiffs endured for the preceding six months in the Academy and will almost certainly prevent Plaintiffs from ever realizing their dreams of being police officers.

65. Defendant has violated Plaintiffs' due process rights by subjecting them to *de facto*, constructive, and actual disciplinary action in the above-described manner without jurisdiction or cause and without any procedure by which he can be heard to oppose or appeal the sanction.

66. As a direct and proximate result of the Defendant's violations of the Plaintiffs' constitutional rights, Plaintiffs have suffered severe and substantial damages. These damages include diminished earning capacity, lost career and business opportunities, litigation expenses including attorneys' fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

67. Pursuant to 42 U.S.C. §1983, Defendant is liable to the Plaintiffs for Plaintiffs' damages, and Plaintiffs are entitled to recover their attorneys' fees and costs incurred in bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief from the Court:

a) A temporary restraining order and/or injunction prohibiting the City of Cleveland from excluding Plaintiffs' participation in the August 16, 2018 Ohio Peace Officer's Training Academy Test and requiring the City of Cleveland to take whatever reasonable action is necessary to ensure Plaintiffs' eligibility for the exam;

b) A temporary restraining order and/or injunction prohibiting the City of Cleveland from taking any disciplinary actions against Plaintiffs without both conducting a fair and thorough investigation into any allegations of academic dishonesty at the Cleveland Police Academy, and providing Plaintiffs the notice and hearing required under Cleveland's Civil Service Commission Rules 9.20, 9.22, and 9.4.

c) An award of attorneys' fees, expenses, and costs;

d) Monetary damages in an amount to be proven at trial; and

e) Any further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

/s/ *Eric W. Henry*
Eric W. Henry (0086750)
The Henry Law Firm
529 E. Washington St. Suite 240
Chagrin Falls, OH 44022
(440) 337-0083 P
(440) 337-0084 F
eric@erichenrylaw.com

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
2460 Fairmount Blvd., Suite 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

Attorneys for Plaintiffs

## VERIFICATION

I, Tatayana Moore, being duly sworn, state that I have reviewed the factual allegations contained in this Verified Complaint. All of the factual allegations in the Verified Complaint are true and accurate to the best of my knowledge.

Tatayana Moore

Sworn to before me and subscribed in my presence this 13th day of August, 2018.

CLAIRE I. WADE
Attorney at Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.

NOTARY PUBLIC

## VERIFICATION

I, Daniel Perstin, being duly sworn, state that I have reviewed the factual allegations contained in this Verified Complaint. All of the factual allegations in the Verified Complaint are true and accurate to the best of my knowledge.

Daniel Perstin

Sworn to before me and subscribed in my presence this 13th day of August, 2018.

CLAIRE I. WADE
Attorney at Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.

NOTARY PUBLIC

## VERIFICATION

I, Nicole Russell, being duly sworn, state that I have reviewed the factual allegations contained in this Verified Complaint. All of the factual allegations in the Verified Complaint are true and accurate to the best of my knowledge.

_____
Nicole Russell

Sworn to before me and subscribed in my presence this 13ᵗʰ day of August, 2018.

**NOTARIAL SEAL**
**STATE OF OHIO**

CLAIRE I. WADE
Attorney at Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.

_____
NOTARY PUBLIC

## VERIFICATION

I, Jordan Markey, being duly sworn, state that I have reviewed the factual allegations contained in this Verified Complaint. All of the factual allegations in the Verified Complaint are true and accurate to the best of my knowledge.

Jordan Markey

Sworn to before me and subscribed in my presence this 13th day of August, 2018.

CLAIRE I. WADE
Attorney at Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.

NOTARY PUBLIC

## VERIFICATION

I, Anthony Burdette, being duly sworn, state that I have reviewed the factual allegations contained in this Verified Complaint. All of the factual allegations in the Verified Complaint are true and accurate to the best of my knowledge.

_____
Anthony Burdette

Sworn to before me and subscribed in my presence this 13th day of August, 2018.

CLAIRE I. WADE
Attorney at Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.

_____
NOTARY PUBLIC

## VERIFICATION

I, Thomas McGervey, being duly sworn, state that I have reviewed the factual allegations contained in this Verified Complaint. All of the factual allegations in the Verified Complaint are true and accurate to the best of my knowledge.

_____

Thomas McGervey

Sworn to before me and subscribed in my presence this 13th day of August, 2018.

CLAIRE I. WADE
Attorney at Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.

NOTARY PUBLIC

## VERIFICATION

I, James Johnson, being duly sworn, state that I have reviewed the factual allegations contained in this Verified Complaint. All of the factual allegations in the Verified Complaint are true and accurate to the best of my knowledge.

James Johnson

Sworn to before me and subscribed in my presence this 13th day of August, 2018.

CLAIRE I. WADE
Attorney at Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.

NOTARY PUBLIC

## VERIFICATION

I, Jonathon Bellomy, being duly sworn, state that I have reviewed the factual allegations contained in this Verified Complaint. All of the factual allegations in the Verified Complaint are true and accurate to the best of my knowledge.

Jonathon Bellomy

Sworn to before me and subscribed in my presence this 13th day of August, 2018.

CLAIRE I. WADE
Attorney at Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.

NOTARY PUBLIC

## VERIFICATION

I, Erica Johnson, being duly sworn, state that I have reviewed the factual allegations contained in this Verified Complaint. All of the factual allegations in the Verified Complaint are true and accurate to the best of my knowledge.

Erica Johnson

Sworn to before me and subscribed in my presence this 13th day of August, 2018.

NOTARY PUBLIC

CLAIRE I. WADE
Attorney at Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.