IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TATAYANA MOORE, et al | ) | CASE NO.: 1:18-cv-1849 |
| | ) | |
| Plaintiff, | ) | JUDGE: JAMES S. GWIN |
| | ) | |
| v. | ) | DEFENDANT CITY OF |
| | ) | CLEVELAND'S OPPOSITION |
| CITY OF CLEVELAND | ) | TO PLAINTIFFS' MOTION |
| | ) | FOR TEMPORARY RESTRAINING |
| Defendant. | ) | ORDER AND PRELIMINARY |
| | ) | INJUNCTION |

Plaintiffs are nine of fifteen recruits of the 140th class of the Cleveland Police Academy who, in the professional judgement of the Peace Officer Basic Training Commander, namely Commander Shawn Smith, failed to meet the requirements required by The State of Ohio under state law to sit for August 16, 2018 Ohio Peace Officers Training Academy Test (hereinafter "Test").  This test is required and governed by state law. The police academy itself is certified by the State of Ohio, and Commander Smith's authority to certify recruits to take the Test is bestowed upon him exclusively by the State of Ohio, to wit by the Ohio Attorney General's Office.[1]

Plaintiffs take issue with Commander Smith's determination on behalf of the State of Ohio that they did not properly complete the "notebook" section of the Academy, which disqualifies these nine recruits under Ohio law from being eligible to sit for the Test. At issue are the allegations and evidence adduced thus far as a result of an investigation which indicates these nine recruits plagiarized and/or cheated on their respective Notebook assignments. At issue for purposes of Plaintiffs' present motion is their request for the Court to enter an Order:

---

[1] Defendant City of Cleveland will be offering testimony from witnesses at the hearing tomorrow in support of the factual matters set forth herein.

prohibiting the City of Cleveland during the pendency of this case from (1) excluding Plaintiffs participation in the August 16, 2018 Ohio Peace Officers Training Academy Test and requiring the City of Cleveland to take whatever reasonable action is necessary to ensure Plaintiffs' eligibility for the exam and (2) taking any disciplinary actions against Plaintiffs without both conducting a fair and thorough investigation into any allegation of academic dishonesty at the Cleveland Police Academy, and providing Plaintiffs the notice and hearing required under Cleveland's Civil Service Commission Rules 9.20, 9.22, and 9.4.[2]

The second requested relief related to taking any disciplinary action against these Plaintiffs should be denied as it is a plain attempt to bring before the Court an issue and seek redress for an alleged harm that has not occurred. No disciplinary action has been taken at present against any of these Plaintiffs by the City of Cleveland, and no disciplinary action is alleged to have taken place. That fact is admitted throughout Plaintiffs' motion and supported by the redress sought in the Conclusion to Plaintiffs' Motion set forth above.[3] As such, there is no case in controversy with respect to this request, the issue is not ripe for adjudication, and as such this sought after relief should be denied as a Federal Court should not issue an Order which amounts to nothing more than an advisory opinion regarding a controversy that does not exist.

Plaintiffs likewise have not come forward with clear and convincing evidence on each element of their sought after Temporary Restraining Order. For instance, with respect to the element that requires a showing that Plaintiffs have a strong likelihood of success on the merits of their claim, in this case a deprivation of their due process rights, Plaintiffs are seeking to be given notice and an opportunity to be heard before any disciplinary action is taken. Plaintiffs do not even allege in the motion that any actual disciplinary actions have been taken against them in

---

[2] ECF Doc. No. 2, p. 10, Page ID#38.
[3] Id.

the motion.[4] In fact, the crux of the motion is an allegation that the City of Cleveland is going to terminate them in the future without giving them an opportunity to be heard:

"..the City cannot refuse to give the recruits an opportunity to be heard in a meaningful manner before subjecting them to disciplinary action"[5]
"…the City no longer had the ability to discipline or terminate the Recruits without affording the Recruits an opportunity to understand and contest the allegations levied against them."[6]
"…and would have their employment with the City terminated."[7]
"…they were told by Melissa Dawson that … their employment with the City would thereafter be terminated."[8]

These are but a few examples of where the sought-after relief falls short of establishing by clear and convincing evidence that these Plaintiffs have a strong likelihood of success on the merits of their due process claim. By the very terms of the allegations, none of the potential disciplinary actions have taken place. Instead, Plaintiffs are seeking to protect an alleged due process right that has not yet been violated. As such, the motion should be denied.

Most importantly, at this time, no disciplinary action has been taken against these nine recruits by the City of Cleveland and their employment has not been terminated. There is no evidence submitted to the contrary and it is axiomatic that allegations as to what might happened in the future does not constitute clear and convincing evidence that these Plaintiffs will prevail on their claim that their due process rights have been violated.

To the extent Plaintiffs claim in their Motion that they have a vested property interest[9] in their continued employment with the City that allegation, while not admitted by the City, is

---

[4] Id., generally.
[5] Id. at p. 3, PageID 31.
[6] Id., at p. 4, PageID 32.
[7] Id., at p. 4, PageID 32.
[8] Id., at pp. 4-5, PageID 32-33.
[9] Defendant disputes that probationary Recruits have a vested property interest in continued employment with the City prior to passing the Academy and passing the subject Test. See *Feliciano v. City of Cleveland*, Nos. C85–3356 and C86–4373 (N.D.Ohio Nov. 26, 1991); *Taylor v. City of Middletown*, 58 Ohio App.3d 88, 568 N.E.2d 745 (1989); *Jacomin v. City of Cleveland*, 70 Ohio App.3d 163, 590 N.E.2d 846 (1990); Courts in Ohio have held that a probationary employee who completes a probationary term but is not finally appointed has no reasonable

irrelevant to the present issue as to their qualifications to sit for the Test. First, as mentioned above, no disciplinary action has been taken by the City of Cleveland against these Recruits. An investigation into these Recruits' alleged actions at the Academy has commenced and is currently in process. However, no charges have yet been issued and no papers drawn up at the time of this writing. Thus, it cannot be said that any alleged vested property interest has been deprived without due process. These Recruits are still employed by the City of Cleveland and still being paid at present. They have not been suspended, terminated, or disciplined in any manner.

Thus, the likelihood of any of them prevailing on a claim based upon the alleged deprivation of their due process rights as it pertains to an allegation that they may be terminated in the future is insufficient to support this element by clear and convincing evidence. Moreover, a strong argument can be made, based upon these allegations and the lack of any actual disciplinary action taken on the part of the City of Cleveland, that the entire Complaint should be dismissed as premature and not ripe for adjudication because, at the time of filing, no justiciable controversy exists.

The second element required to be shown by clear and convincing evidence is that each Plaintiff will suffer irreparable harm if the injunction is not granted. In this matter, the offered argument that the Plaintiffs will suffer irreparable harm does not rise to the level or type that is required before a restraining order and/or injunction can be entered.

A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir.1992). In *Overstreet v. Lexington-Fayette Urban Cty. Gov't The Court*, the Court concluded

---

expectation of continued employment. See *Harvey v. Brumback*, 113 Ohio App. 45, 177 N.E.2d 70 (1960). *Matulin v. Village of Lodi*, 862 F.2d 609, 616 (6th Cir.1988).

that Mr. Overstreet will not suffer irreparable harm by virtue of the fact that he may lose his job while the litigation was pending.[10] The fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay. *Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) (finding that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury"); see A*luminum Workers Int'l Union, AFL–CIO, Local Union No. 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 444 (6th Cir.1982) (finding that employees did not suffer irreparable harm from temporary unemployment pending arbitration). Indeed, "[t]he loss of a job is quintessentially reparable by money damages." *Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp., 59 F.3d 80, 83* (8th Cir.1995).

This is the gravamen of Plaintiffs' argument, that they might be subjected to <u>termination in the future,</u> lose wages, and might need to reapply and sit through the Academy a second time. This is not the type of irreparable harm contemplated and required by Civil Rule 65. Moreover, Plaintiffs have not pled or shown that they do not have an adequate remedy at law as required under Civil Rule 65.[11] There is no argument whatsoever in the motion that the relief purportedly available at law is inadequate. As such, the Motion should be denied.

The facts of the instant matter, whether as set forth in Plaintiff's Motion for Temporary Restraining Order or in their Verified Complaint, indicate that an order emanating from this Honorable Court restraining the City of Cleveland from preventing Plaintiffs from further participation in the Ohio Peace Officer Training process would inflict injury on third parties.

This assertion is corroborated by the fact that dozens of participants in the Cleveland Police Academy training program did not engage in the behavior bringing Plaintiffs to the

---

[10] Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566, 579 (6th Cir. 2002).
[11] *United Protective Workers of America v. Ford Motor Co.*, C.A.7 (Ill.) 1952, 194 F.2d 997.

attention of Academy personnel, i.e., the plagiarism as part of the Notebook portion of the qualification procedure including the provision of identical answers in the form of narrative responses to numerous sections of the Notebook.

Moreover, of the dozens of recruits initially suspected of cheating and/or plagiarizing their answers to those sections provided by others, only fifteen (including these nine) were determined to have failed to complete the Notebook section in accordance with state law.

As such, save and except the Plaintiffs and as many as six other recruits, the majority of the recruits participating in the Academy did so in a manner above reproach and in conformity with the expectations placed upon them.  With that in mind, it would work a substantial injustice to said Academy recruits to suffer the stigma of being affiliated with Plaintiffs and/or or their allegations, as well as impermissibly delay or hinder their becoming certified as peace officers by the State of Ohio, fully authorized to serve in the City of Cleveland.

In view of the foregoing, it also cannot by maintained by Plaintiffs that a Temporary Restraining Order issued by this Honorable Court pursuant to facts alleged by said Plaintiffs would serve the public interest.  This conclusion rests upon three critical bases.

First, the disqualifying behavior exhibited by the Plaintiffs, whether characterized as a deficiency in the test-taking process (impermissibly exchanging tablets) or failing grades issued by the test administrator, cannot be rewarded by a temporary restraining order calling into question this process.  The public has an interest in having law enforcement personnel who are independently knowledgeable of principles and procedures fundamental to being a police officer. Failure to adequately articulate and/or employ these tenets of law enforcement should disqualify any applicant from serving, at least for a period of time, as a police officer for the City of Cleveland.

Second, and simply put, the public interest is not served by restraining a valid exercise of governmental authority (police officer training and certification) on the grounds posited by the Plaintiffs herein. Plaintiffs cannot maintain that a multi-level training and certification process, in force for many years and subject to internal and external scrutiny should be further impeded by permitting them to be excepted from the either or both the rules governing the City of Cleveland's Police Officer Training Program as well as those mandated by the State of Ohio. The public interest, in this instance, is best served by adherence to well-established and well-grounded methodology put in place to ensure regularity and uniformity in law enforcement practices and procedure.

Third, and as discussed above, the public interest would not be served by the issuance by this Honorable Court of a restraining order as against the City of Cleveland which seeks to remedy a speculative injury. The Plaintiffs have not been terminated. Contrary to their representations, they have been afforded notice of defects in their testing process and opportunities to be heard. Finally, they have not pursued potential remedies other than those potentially afforded by this Honorable Court for their injuries alleged. As such, they are not deserving of a major deviation from the due process to which they are entitled, adherence to which is mandated by the public interest.

Finally and most importantly, to the extent Plaintiffs seek a temporary restraining order "prohibiting the City of Cleveland during the pendency of this case from (1) excluding Plaintiffs participation in the August 16, 2018 Ohio Peace Officers Training Academy Test and requiring the City of Cleveland to take whatever reasonable action is necessary to ensure Plaintiffs'

7

eligibility for the exam,"[12] the motion must be denied as the City of Cleveland has neither the power nor the authority to force the State of Ohio to allow Plaintiffs to sit for the Test.

As mentioned above, the subject Test is developed, controlled, administered, and governed by the State of Ohio and statutory authority through the Ohio Attorney General's Office and Ohio Police Officers Training Commission.[13] Commander Smith, as the duly appointed Peace Officer Basic Training Commander for the subject police academy, was bestowed by the State of Ohio with the authority to deem any portion of any Recruits performance as satisfactory or unsatisfactory.

It is the State of Ohio, through its appointed Commander, that determines who is eligible and who is not to sit for the Test. No one at the City of Cleveland, not the Mayor, not the Chief of Police, not the Director of Public Safety, and not even Commander Smith, has the power to force the State of Ohio to allow any of these nine plaintiffs to sit for the Test. It is the State of Ohio, not the City of Cleveland, that controls who sits and who does not sit for the Test. As such, the City of Cleveland cannot be ordered to do something it lacks the statutory authority to do and therefore, the motion must be denied.[14]

                                      Respectfully Submitted,

                                      BARBARA A. LANGHENRY (0038838)
                                      Director of Law

                                      /s/ *Michael J. Pike*
                                      Michael J. Pike (0074063)
                                      Assistant Director of Law
                                      601 Lakeside Avenue, Room 106
                                      Cleveland, Ohio 44114
                                      216.664.2775 (phone)
                                      216.664.2663 (fax)
                                      MPike@city.cleveland.oh.us

---

[12] ECF Doc. No. 2, p. 10, Page ID#38.
[13] O.R.C. 109.79.
[14] To the extent Plaintiff has not posted a bond or other security or addressed this requirement in its briefing in accordance with the requirements of F.R.C.P. 65(c), the motion should be denied.

## CERTIFICATE OF SERVICE

    I certify the foregoing Opposition to Plaintiffs' Motion for a Temporary Restraining Order was filed electronically this 14th day of August, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                              Respectfully Submitted,

                                                              */s/ Michael J. Pike*
                                                              Michael J. Pike
                                                             Assistant Director of Law