**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TATAYANA MOORE, et al | ) | Case No. 1:18-cv-1849 |
| | ) | |
| Plaintiffs, | ) | JUDGE: JAMES S. GWIN |
| | ) | |
| vs. | ) | **DEFENDANTS CITY OF** |
| | ) | **CLEVELAND'S ANSWER TO** |
| | ) | **PLAINTIFFS' COMPLAINT** |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | (Jury Trial Requested) |

Now comes the Defendant City of Cleveland, by and through its undersigned counsel, and for their answer to Plaintiffs complaint state as follows:

1. Deny the allegations contained in paragraphs 1, 2, and 3.

2. Admit the allegation in paragraph 4.

3. Deny the allegations contained in paragraphs 5, 6, and 7.

4. Deny the allegations contained in paragraph 8 for want of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

5. Deny as stated the allegations contained in paragraphs 9, 10, and 11.

6. Deny the allegation contained in paragraph 12.

7. Deny as stated the allegations contained in paragraphs 13 and 14.

8. Deny the allegations contained in paragraph 15 as the document speaks for itself.

9. Admit the allegation to work together, deny as stated to the remainder of paragraph 16.

1

10. Admit the allegation to work together, deny as stated to the remainder of paragraph 17.

11. Admit the allegation to work together, deny as stated to the remainder of paragraph 18.

12. Deny the allegations contained in paragraph 19.

13. Deny the allegations contained in paragraph 20 as the document speaks for itself.

14. Deny the allegations contained in paragraph 21.

15. Deny the allegations contained in paragraphs 22 and 23 for want of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

16. Deny the allegations in paragraph 24.

17. Deny the allegations contained in paragraph 25 for want of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

18. Deny as stated the allegations contained in paragraphs 26, 27, and 28.

19. Deny the allegations contained in paragraph 29.

20. Admit the allegations are based on plagiarizing; deny the remainder of the allegations.

21. Deny the allegations contained in paragraphs 31, 32, 33, and 34.

22. Deny as stated the allegations contained in paragraph 35.

23. Deny the allegations contained in paragraph 36 as the document speaks for itself.

24. Deny the allegations contained in paragraphs 37, 38, 39 and 40.

25. Deny the allegations contained in paragraph 41 for want of knowledge and information sufficient to form a belief as to the truth or falsity thereof.

26. Deny the allegations contained in paragraphs 42, 43 and 44.

27. Deny the allegations contained in paragraphs 45 and 46 as the document speaks for itself.

28. Deny as stated the allegations contained in paragraph 49.

29. Deny the allegations contained in paragraphs 50 and 51.

30. Deny as stated the allegations contained in paragraph 52.

31. Deny the allegations contained in paragraphs 54, 55, 56, 57, 58, 59, and 60.

32. Deny the allegations contained in paragraphs 62 and 63 as the document speaks for itself.

33. Deny the allegations contained in paragraphs 64, 65, 66, and 67.

**AFFIRMATIVE DEFENSES**

34. Plaintiff Complaint fails to state cause of action upon which relief can be granted.

35. Any recovery to which Plaintiff might otherwise have been entitled is barred by the doctrines of laches, waiver, release, unjust enrichment, and/or estoppel.

36. Plaintiff has failed to join necessary and indispensable parties to this litigation.

37. This Court lacks jurisdiction over the subject matter of Plaintiff Complaint.

38. Plaintiff claims are barred, in whole or part, by the applicable statute of limitations and/or statute of repose.

39. Any damage or injury which Plaintiff may have suffered as alleged in his Complaint were directly and proximately caused or contributed to by the negligence of persons other than this answering Defendant and not presently known to this Defendant.

40. Any and all damage or injury which Plaintiff may have suffered as alleged in his Complaint was directly and proximately caused by an act of God.

41. Any and all damage or injury which Plaintiff may have suffered as alleged in his Complaint was directly and proximately caused by the intervening and/or superseding acts of persons or entities other than this answering Defendant.

42. Plaintiff expressly or impliedly assumed the risks of any or all damage or injury he may have suffered as alleged in his Complaint.

43. Service upon this answering Defendant was insufficient.

44. Service of process upon this answering Defendant was insufficient.

45. Venue in this Court is improper.

46. Any recovery to which Plaintiff might have otherwise been entitled is barred by the doctrines of accord and satisfaction, or compromise and settlement.

47. Plaintiff has failed to mitigate his damages.

48. Plaintiff alleged damages were caused by some party or parties over whom this Answering Defendant had no control or right to control.

49. Plaintiff has failed to join parties or entities needed for the just adjudication of the within controversy.

50. Any relief to which Plaintiff may otherwise be entitled is barred or limited by the statute of frauds.

51. A specific percentage to be determined at trial or hearing by the trier of fact of the tortious conduct that proximately caused the injury or loss to person or property or the wrongful death is attributable to one or more persons from whom the Plaintiff does not seek recovery in this action, pursuant to Common Law and O.R.C. § 2307.23.

52. Plaintiff has spoliated, destroyed, and/or failed to maintain any relevant evidence to the prejudice of this Defendant.

53. Plaintiff cannot establish a prima facie claim for religious and/or disability discrimination.

54. Plaintiff was not subjected to any adverse employment action.

55. Plaintiff was not treated differently than similarly-situated, non-protected employees.

56. The Defendant had a legitimate, non-discriminatory reason for all of their actions and/or there is insufficient evidence of pretext for discrimination.

57. Plaintiff failed to comply with all conditions precedent and/or other prerequisites to filing his claim(s) and/or failed to comply with all conditions precedent.

58. Plaintiff failed to exhaust all available administrative remedies.

59. All actions taken by the Defendant were protected by the business judgment rule.

60. Plaintiff's claim for punitive damages should be dismissed because punitive damages are not allowed against a political subdivision.

61. Plaintiff's claim is frivolous, subject to sanction, and/or warrants the awarding of attorneys' fees to the Defendant.

62. Accommodating plaintiff's religious belief would pose an undue hardship on the Defendant.

63. Plaintiff's request for injunctive relief is improper because plaintiff has an adequate remedy at law.

64. Plaintiff's request for injunctive relief is improper because plaintiff will not suffer irreparable harm if the injunctive relief is not granted.

65. There is no compelling public interest that warrants the imposition of an injunction.

66. Plaintiff is not qualified for the position of police officer.

67. One or more of the as named Defendants in the Complaint is not sui generis.

68. One or more of the as named Defendants in the Complaint is entitled to legislative immunity.

69. Defendant is entitled to all defenses and immunities set forth in Ohio Rev. Code Chapter 2744 and all other defenses and immunities under federal, state, and common law.

70. Any damages or injuries that Plaintiff's may have suffered as alleged in its complaint were directly and proximately caused solely by Plaintiffs own negligence.

71. Any damages or injuries that Plaintiffs may have suffered as alleged in its Complaint were directly and proximately caused or contributed to by the negligence of

persons and/or entities other than Defendant and notice is hereby given that defendant will seek apportionment at trial for the tortious conduct of these persons or entities.

72. The last clear chance doctrine may have been violated.

73. Plaintiff may be judicially estopped from bringing said action.

74. Plaintiff's claims are barred by the doctrines of collateral estoppel, issue preclusion, claim preclusion, and res judicata.

75. The Defendant is entitled to all other full and qualified immunities available under federal law or state law or both.

76. Plaintiff's claim is subject to a cap on damages and/or a set-off.

77. All actions taken by the Defendant were taken in the defense of himself and/or others.

78. Defendant reserves the right to raise any additional defenses that may come to light during the pendency of this action.

**WHEREFORE,** having fully answered, Defendants City of Cleveland respectfully move this Court to dismiss Plaintiff's complaint with prejudice and that Defendant City of Cleveland be awarded such further and additional relief as this Court deems just and equitable.

        Respectfully submitted,

        BARBARA A. LANGHENRY (0038838)
        Director of Law

By:    /s/  Michael J. Pike              .
        Michael J. Pike (0074063)
        City of Cleveland Department of Law
        601 Lakeside Avenue, Suite 106
        Cleveland, Ohio 44114-1077
        Telephone (216) 664-2775
        Facsimile  (216) 664-2663
        E-mail:  mpike@city.cleveland.oh.us

        Attorneys for Defendant
        City of Cleveland

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September 2018, the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic receipt.  All other parties, if any, will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

        /s/  Michael J. Pike       .
        Michael J. Pike (0074063)