UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
TATAYANA MOORE, *et al.*, : CASE NO. 1:18-CV-1849
:
    Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 84]
CITY OF CLEVELAND, *et al.*, :
:
    Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs, former recruits at the Cleveland Police Academy, brought this suit under 20 U.S.C. § 1983. With their complaint, they allege that Defendants violated their procedural due process rights by terminating them on plagiarism charges without giving them notice and an opportunity for a hearing.

The Court granted summary judgment for Defendants.[1] Defendants now move for attorney's fees and $14,856.49 in costs.[2]

District courts may award attorney's fees to a prevailing defendant in § 1983 actions,[3] but only where the plaintiff's action was "frivolous, unreasonable, or without foundation."[4]

Plaintiffs' action was none of those things. Plaintiffs raised close questions of state law and federal constitutional law. Plaintiffs' property-interest claim turned on a complex

---

[1] Doc. 82.
[2] Doc. 84. Plaintiffs oppose. Doc. 85.
[3] *See* 42 U.S.C. 1988 (providing that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of costs" in § 1983 actions).
[4] *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 636 (6th Cir. 2009) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 530 (6th Cir.1994)). To determine whether the action is frivolous, the Court considers, *inter alia*, "whether the issue is one of first impression requiring judicial resolution, [and] whether the controversy is sufficiently based upon a real threat of injury to the plaintiff[.]" *Id.*

Case No. 1:18-cv-1849
Gwin, J.

Cleveland Civil Service Rules interpretation issue. Their liberty-interest claim involved a factually close claim on a legal issue that has divided the circuits.[5] The Court denies Defendants' sought attorney's fees.

Under Federal Rule of Civil Procedure 54(d)(1), the Court generally awards costs to the prevailing party.[6] However, the Court may decline to do so when it would be inequitable under all circumstances in the case.

While Defendants did not bog down the case or "inject[] unmeritorious issues,"[7] the other relevant factors disfavor awarding costs.

First, the claimed expenses are "unnecessary or unreasonably large."[8] Defendants spent $3,658.86 scanning Plaintiffs' academy notebooks and $7,860.13 on hearing and deposition transcripts; neither played a substantive role in their summary judgment motion. Second, as discussed, the case was "close and difficult."[9] Third, Plaintiffs litigated the case in good faith.[10] Finally, the case had public importance.[11] The public has an interest in the integrity of the Cleveland Police Academy and the fairness of its disciplinary procedures.

Thus, the Court **DENIES** Defendant's motion for attorney's fees and costs.

IT IS SO ORDERED.

Dated: June 19, 2019        s/ James S. Gwin
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[5] *See generally* Doc. 82.
[6] Fed. R. Civ. P. 54(d)(1) (providing that costs other than attorney's fees "should be allowed to the prevailing party").
[7] *White & White v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 733 (public benefit is one factor courts may consider when awarding costs).